E-FILED
Friday, 01 February, 2013  04:02:01 PM
Clerk, U.S. District Court, ILCD

**EXHIBIT J**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

GREGORY CHURCHILL, ROBERT DELOACH, )
JONATHAN RICHARD, SANDRA CREWS, )
JASON SMITH, KIM LINNEMAN, CONNIE )
HEDGES, ELIZABETH BAVERY, CHARLES )  Docket No. 4:06-cv-4023
ROWSEY, KATIE BABCOCK, ANDREW )  Hon. Michael M. Mihm
WREN, CHARLES FURMAN, YVONNE )
HAMMOND, TRACY CASSIDAY, )
CHRISTOPHER CASSIDAY, KELLY MIZE, )
KATHY HILLIER, CONCHETTA BUTLER, )
DANIELLE FLORENCE, STACEY BURGESS, )
MICHELLE DARMER, KEVIN WINKING, )
MELISSA MILLER, LUANA JOHNSON, and )
ROBERT MCINTYRE, on behalf of themselves )
and all other similarly situated individuals, )
  )
      Plaintiffs, )
  )
       v. )
  )
FARMLAND FOODS, INC. )
  )
      Defendant. )
  )

## AMENDED SETTLEMENT AGREEMENT

Brian P. McCafferty, Esq.
Kenney Lennon & Egan
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462
610.940.9099
610.940.0284 (fax)

Michael Hamilton, Esq.
Provost Umphrey Law Firm, LLP
2002 Richard Jones Rd.
Suite C-103
Nashville, Tennessee 37215
615.242.0199

Blair B. Hanzlik, Esq.
McGuireWoods LLP
77 W. Wacker Dr., Suite 4100
Chicago, IL 60601
312.849.8100
312.849.3690 (fax)

Of Counsel:
Alan K. Cotler, Esq.
Shannon Elise McClure, Esq.
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
215.851.8100
215.851.1420 (fax)

Jairus M. Gilden, Esq.                     Attorneys for Defendant Farmland Foods,
2711 Eastwood Ave.                         Inc.
Evanston, IL 60201
847.328.8542

Attorneys for Plaintiffs

**IT IS HEREBY AGREED**, by, between and among Gregory Churchill, Robert

Deloach, Jonathan Richard, Sandra Crews, Jason Smith, Kim Linneman, Connie Hedges,

Elizabeth Bavery, Charles Rowsey, Katie Babcock, Andrew Wren, Charles Furman, Yvonne

Hammond, Tracy Cassiday, Christopher Cassiday, Kelly Mize, Kathy Hillier, Conchetta Butler,

Danielle Florence, Stacey Burgess, Michelle Darmer, Kevin Winking, Melissa Miller, Luana

Johnson, and Robert McIntyre, on behalf of themselves and all other similarly situated

individuals ("Plaintiffs"), and Farmland Foods, Inc. (together with all parents, affiliates,

divisions, subsidiaries, successors, and predecessors thereof, as more fully defined herein,

"Farmland," "Monmouth" or "Defendant"), through their duly authorized counsel, that the

putative class action lawsuit filed in the Central District of Illinois (the "Court"), and captioned

Gregory Churchill et al. v. Farmland Foods, Inc., No. 4:06-CV-4023 ("Lawsuit") and the matters

raised in the Lawsuit, shall be settled, compromised, and dismissed on the merits and with

prejudice, on the terms and conditions set forth in this Settlement Agreement (the "Settlement"

or "Settlement Agreement"), including the release set forth herein, subject to the approval of the

Court.

**WHEREAS**, Gregory Churchill, Robert Deloach, Jonathan Richard, Sandra Crews,

Jason Smith, Kim Linneman, Connie Hedges, Elizabeth Bavery, Charles Rowsey, Katie

Babcock, Andrew Wren, Charles Furman, Yvonne Hammond, Tracy Cassiday, Christopher

Cassiday, Kelly Mize, Kathy Hillier, Conchetta Butler, Danielle Florence, Stacey Burgess,

FFG003682

Michelle Darmer, Kevin Winking, Melissa Miller, Luana Johnson, and Robert McIntyre, filed a
Class Action Complaint with the Court on April 18, 2006;

    **WHEREAS,** the Complaint asserts claims alleging that the Defendant failed to fully
compensate workers in its Monmouth, Illinois plant for all time spent donning, doffing, cleaning,
maintaining, and waiting to receive work-related gear, clothing, and equipment, and for all time
spent traveling between changing areas and work stations ("donning, doffing and related
activities");

    **WHEREAS,** Monmouth reengineered its production floor on or about July 31, 2006
("Plant Reengineering") to reduce the time that employees spent engaging in donning, doffing
and related activities;

    **WHEREAS,** Plaintiffs filed their First Amended Class Action Complaint on June 16,
2006;

    **WHEREAS,** Defendant filed an Answer to the First Amended Class Action and
Representative Action Complaint on September 11, 2006;

    **WHEREAS,** Plaintiffs' First Amended Class Action Complaint alleges claims under the
Fair Labor Standards Act ("FSLA"), the Illinois Minimum Wage Law ("MWL"), and the Illinois
Wage Payment and Collection Act ("WPCA");

    **WHEREAS,** Plaintiffs' FLSA claim is subject to a maximum statute of limitations
period of three years, the MWL claim is subject to a maximum statute of limitations period of
three years, and the WPCA claim is subject to a maximum statute of limitations period of five
years;

    **WHEREAS,** Farmland Foods, Inc., the company which owned the Monmouth plant,
filed for bankruptcy under Chapter 11 on or about May 31, 2002;

- 3 -

FFG003683

**WHEREAS**, Smithfield Foods, Inc. purchased the assets of Farmland Foods, Inc. on October 29, 2003 and Farmland Foods, Inc. is now a wholly-owned separately-incorporated subsidiary of Smithfield Foods, Inc.;

**WHEREAS**, despite the applicable time frame of the relevant statutes of limitations, none of the claims in the Lawsuit against Farmland Foods, Inc. could be actionable prior to the asset purchase on October 29, 2003;

**WHEREAS**, in connection with settlement negotiations, Defendant informally responded to Plaintiffs' Interrogatory requests, and Defendant produced detailed time studies relating to the Farmland plant evaluating the time employees spend engaged in donning, doffing and related activities for which Plaintiffs allege that they are entitled to additional compensation;

**WHEREAS**, in connection with settlement negotiations, Plaintiffs' counsel visited the Monmouth plant on Thursday, December 7, 2006, in order to witness the proposed class members engaging in donning, doffing and related activities while the Monmouth plant was in full operation;

**WHEREAS**, Plaintiffs and Plaintiffs' Counsel have carefully analyzed the merits of Plaintiffs' claims and the merits of the defenses raised by Defendant;

**WHEREAS**, Plaintiffs and Defendant agree that the current compensation practices at Monmouth, initiated at the time of the Plant Reengineering, are in compliance with all local, state and federal laws, and the amount of compensation currently paid to employees to compensate them for time spent engaged in donning, doffing, and related activities is adequate and fully compensates employees;

**WHEREAS**, Plaintiffs believe that the past compensation practices at Monmouth failed to adequately compensate employees for donning, doffing and related activities;

- 4 -

FFG003684

**WHEREAS**, based upon their discovery, investigation and evaluation of the facts and law relating to the matters alleged in the pleadings, Plaintiffs and Plaintiffs' Counsel on behalf of the Class and the Named Plaintiffs, as defined herein, have agreed to settle the Lawsuit pursuant to the provisions of this Agreement after considering, among other things, (i) the substantial benefits to Plaintiffs and the Class under the terms of this Settlement Agreement, (ii) the attendant risks and uncertainty of litigation, especially in complex actions such as this Lawsuit, as well as the difficulties and delays inherent in such litigation, (iii) the possibility and likelihood of appeals even if Plaintiffs prevail on a class-wide basis, and (iv) the desirability of consummating this Settlement Agreement promptly, in order to provide effective relief to Plaintiffs and the Class.

**WHEREAS**, Plaintiffs and Plaintiffs' Counsel agree that this Settlement Agreement is fair, reasonable and adequate because it provides substantial and immediate monetary relief for alleged past violations, is in the best interests of the Class, and resolves fairly the claims alleged in the Lawsuit, and avoids the considerable risks and delays of further litigation;

**WHEREAS**, Monmouth expressly denies any wrongdoing alleged in the pleadings filed in the Action and does not admit or concede any actual or potential fault, wrongdoing or liability in connection with any facts or claims that have been or could have been alleged against it in the Lawsuit, and disagrees that it is liable for any additional compensation to employees for donning, doffing and related activities, either currently or in the past;

**WHEREAS**, while Monmouth expressly disagrees that any additional compensation is owed to employees for donning, doffing and related activities, Monmouth believes that those employees who donned mesh gloves, mesh sleeves, plastic arm guards, mesh aprons, knife belts, polar gloves, and/or belly guards ("Personal Protective Equipment") prior to the Plant

- 5 -

FFG003685

Reengineering could have an argument that, based on recent caselaw, they are owed additional compensation for donning, doffing and related activities;

**WHEREAS**, while Monmouth expressly disagrees that any additional compensation is owed to employees who work in positions where they don any other clothing, gear or equipment supplied by Farmland, such as helmets, boots, smocks, hairnets and earplugs ("Other Equipment"), and expressly disagrees that any additional compensation is owed to employees who work in positions where they don Personal Protective Equipment after the Plant Reengineering date, Monmouth nevertheless considers it desirable to provide these employees with compensation in the interests of eliminating all potential claims and achieving final resolution of all potential issues in this Lawsuit;

**WHEREAS**, Monmouth considers it desirable for the Lawsuit to be settled and dismissed, including claims by all employees who wear Personal Protective Equipment and claims by all employees who wear Other Equipment, because this Settlement will (i) ensure that employee morale is not disrupted, (ii) avoid disruption of the management and operation of Monmouth's business due to the pendency and defense of the Lawsuit, (iii) put Plaintiffs' claims and the underlying matters to rest, (iv) provide the parties with a final resolution to the dispute, and (v) avoid substantial expense, burdens and uncertainties associated with continued litigation of the claims;

**WHEREAS**, after extensive arms-length negotiations, conducted over 4 sessions and 5 days, on August 3, 2006, October 19, 2006, January 4-5, 2007, and January 12, 2007, Plaintiffs and Defendant wish to a settle this Lawsuit subject to approval of the Court and cause the dismissal with prejudice of the Lawsuit subject to the approval of the Court;

FFG003686

**WHEREAS,** Plaintiffs seek to represent the Settlement Class, as defined herein, and Defendant agrees that a Settlement Class should be certified solely for the purpose of effectuating a settlement.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the parties that the Action shall be settled, subject to the Court's approval, on the following terms and conditions (the "Settlement Agreement"):

1.     For settlement purposes only, the parties hereto agree that the following settlement class (the "Settlement Class") should be certified:

> All persons who have been employed as hourly production employees at Farmland Foods, Inc.'s Monmouth plant during any time from October 29, 2003, through February 8, 2007, and all hourly employees who are employed in the plant as of February 8, 2007.

The Class period runs through February 8, 2007 ("Class Period Close Date").  All persons within the Settlement Class are referred to herein as the "Settlement Class Members."  Settlement Class Members who are hourly production employees and employed by Farmland on the Class Period Close Date are referred to herein as "Employed-Production Settlement Class Members." Settlement Class Members employed with Farmland as of February 8, 2007 who work in non-production jobs and are paid hourly are referred to herein as "Employed Non-Production Settlement Class Members."  Employed-Production Settlement Class Members and Employed Non-Production Settlement Class Members are referred to collectively herein as "Employed Settlement Class Members," unless specifically identified.  Settlement Class Members not employed by Farmland on the Class Period Close Date are referred to herein as "Formerly-Employed Production Settlement Class Members."  Former employees whose employment was terminated prior to February 8, 2007 and who did not work as hourly production employees, but worked in jobs which were closely associated with the production process, are not considered

- 7 -

FFG003687

"Formerly-Employed Production Settlement Class Members" and are not a part of the Settlement Class.

2.     If the Settlement is not approved, Farmland's stipulation to certification of the above Settlement Class shall be null and void *ab initio* and may not be used or relied upon by Plaintiffs, Class Counsel or any Settlement Class Member for any purpose whatsoever in the Lawsuit or otherwise. "Class Counsel" as used herein shall mean Brian McCafferty his law firm, Kenney, Lennon & Egan; Michael Hamilton and his law firm Provost Umphrey Law Firm LLP; and Jairus M. Gilden. Farmland's Counsel as used herein shall mean Blair Hanzlik and his law firm McGuire Woods LLP, and Alan Cotler and Shannon Elise McClure and their law firm Reed Smith LLP.

3.     After execution of this Settlement Agreement, counsel for Plaintiffs and Defendant shall file a Joint Motion for Preliminary Approval of the Class Action Settlement, Approval of Class Notice, Certification of a Settlement Class, and Appointment of Class Counsel, asking the Court to enter an order (the "Preliminary Approval Order") in the form attached as Exhibit A, preliminarily approving this Settlement Agreement, certifying a settlement class, appointing Class Counsel, and approving and authorizing the distribution of the Class Notice and Calculation of Days Worked ("Class Notice"), in the form attached as Exhibit B, to all Settlement Class Members. The Class Notice will be provided to all Settlement Class Members in both English and Spanish. Thereafter, pursuant to the schedule established in the Preliminary Approval Order, counsel for Plaintiffs and Defendant shall file a joint motion requesting the Court to grant final approval of the Settlement and requesting entry of an order (the "Final Approval Order") in the form attached as Exhibit C finally approving the Settlement.

- 8 -

FFG003688

4.    As partial consideration for this Settlement, Farmland will pay the sum of

$977,000 (hereinafter the "Settlement Fund").  Class Counsel shall apply to the Court for an

award of attorneys' fees and costs to be paid from the Settlement Fund in the amount of 33% of

the Settlement Fund ("Attorneys' Fees and Costs Award"), an amount which includes

reimbursement of reasonable out-of-pocket litigation expenses and costs.  See Paragraph 16,

infra.  The portions of the Settlement Fund to be used to distribute monies to Formerly-

Employed Production Settlement Class Members and to fund the Attorneys' Fees and Costs

Award shall be deposited with the Settlement Administrator by Farmland within fifteen (15)

days of the Court signing the Preliminary Approval Order.  Farmland, or its affiliates, shall

reserve in its operating accounts the portion of the Settlement Fund which will compensate

Employed Settlement Class Members.  Farmland shall keep a separate and detailed log of all

deposits, payments and reimbursements associated with this portion of the settlement for

Employed Settlement Class Members.  The Settlement Fund shall be used to pay all Settlement

Class Members who are entitled to participate in the distribution of settlement proceeds pursuant

to this Settlement Agreement and the accompanying Exhibits.  The Attorneys' Fees and Costs

Award, in the amount of 33% of the Settlement Fund, shall compensate Class Counsel for all

Court-approved attorneys' fees, and shall compensate the named Plaintiffs for their services as

Class representatives.  The Attorneys' Fees and Costs Award shall also be utilized to pay for

one-half (1/2) of all "Settlement Costs," which are reasonable costs associated with the printing

and mailing of the Class Notice attached as Exhibit B and mailing of the checks to Formerly-

Employed Production Settlement Class Members who participate in the Settlement in the manner

specified in paragraph 7, and those Employed Settlement Class Members identified by Farmland

as no longer employed as of the date of check distribution to Employed Settlement Class

- 9 -

FFG003689

Members, and tracking opt-outs and objectors. Farmland will pay the remaining one-half (1/2) of the Settlement Costs. Farmland's one-half (1/2) share of the Settlement Costs is an additional amount above and beyond the amount of the Settlement Fund and shall be paid from Farmland's operating expenses. Class Counsel's one-half share and Farmland's one-half share of the Settlement Costs may be reimbursed as provided in paragraph 5, infra. Farmland's overhead costs and the costs associated with time spent by its employees in assisting with settlement administration shall not be reimbursed from the Settlement Fund.

5.     All $977,000 in the Settlement Fund shall be expended in connection with the Settlement, and no money shall revert to Farmland. If any money is not disbursed, because, for example, some Claimants (defined in paragraph 7, infra) do not cash their settlement checks within 60 days of the checks' issuance (including checks that remain uncashed because they are returned as undeliverable), the Settlement Administrator shall reimburse Farmland and Class Counsel in equal amounts for the Settlement Costs. Any additional amounts remaining in the Settlement Fund after full reimbursement of Farmland and Class Counsel for Settlement Costs will be distributed in equal amounts to all Employed Settlement Class Members who are still employed by Farmland on the date 10 days after Farmland and Class Counsel are reimbursed for Settlement Costs ("Second Distribution to Employed Settlement Class Members"). Any additional amounts remaining in the Settlement Fund after the Second Distribution to Employed Settlement Class Members will be donated *cy pres* to the American Cancer Society Relay For Life of Warren County. Any and all funds in the Settlement Fund remain the property of the Settlement Fund even if checks are not cashed; at no time shall any of the amounts in the Settlement Fund be treated as unclaimed property.

- 10 -

FFG003690

6.       The parties have appointed BrownGreer PLC ("Settlement Administrator") to administer this Settlement. The selection of BrownGreer PLC's engagement shall be agreed upon by each party, and agreement shall not be unreasonably withheld.

7.       After reducing the Settlement Fund by the reasonable amounts necessary to cover the Attorneys' Fees and Costs Award and Farmland's share as employer of any applicable employment taxes, the balance of the Settlement Fund the ("Net Settlement Fund") shall be distributed to any Settlement Class Members who (i) do not exclude themselves from the Settlement and (ii) either are Employed Settlement Class Members, or are Formerly-Employed Production Settlement Class Members whose Class Notice is not returned by the United States Postal Service as Undeliverable Mail. All persons entitled to distribution from the Settlement Fund pursuant to this paragraph shall be deemed "Claimants." "Undeliverable Mail" is mail which is sent to updated addresses as obtained by the Settlement Administrator, and is returned by the United States Postal Service as undeliverable, without any forwarding address information. Such distributions to Claimants shall be in an amount calculated pursuant to the steps set forth in the following subparagraphs 7(a) and 7(b).

     a.       Step #1 of the Calculation:

        (i.)       Each Employed-Production Settlement Class Member and Formerly-Employed Production Settlement Class Member shall receive credit in the approximate amount of $0.60568 for each day worked from October 29, 2003 through July 31, 2006;

        (ii.)      Each Employed-Production Settlement Class Member and Formerly-Employed Production Settlement Class Member shall

- 11 -

receive credit in the approximate amount of $0.03697 for every other day worked from August 1, 2006 through February 8, 2007;

(iii.)   in recognition of the active tenure and continued performance of Farmland's current employees, each Employed-Production Settlement Class Member will receive a credit of $20.00 in addition to the amounts owed pursuant to paragraphs 7(a)(i) and 7(a)(ii), supra; and,

(iv.)   in recognition of the active tenure and continued performance of Farmland's current employees, each Employed Non-Production Settlement Class Member will receive a credit of $20.00 but will not receive any credit pursuant to subparagraphs 7(a)(i), 7(a)(ii), and 7(a)(iii), supra.

Final adjustments to the amounts specified in Step #1 will be made as necessary to address the distribution of funds which had been set aside for Settlement Class Members whose Class Notice is returned as Undeliverable Mail or who opt out of the Settlement.

b.   Step #2 of the Calculation: The amount to which each Settlement Class Member is entitled shall be determined by multiplying the Net Settlement Fund by a ratio, the numerator of which shall be the amount credited to that Settlement Class Member pursuant to Step #1 above and the denominator of which shall be the total amount credited to all Settlement Class Members pursuant to Step #1 above.  By way of example only, if pursuant to Step #1 above Settlement Class Member "A" were credited with the approximate amount of $600, and if the total amount credited to all Settlement Class Members pursuant to those steps were

- 12 -

FFG003692

$1,000,000, and if the Net Settlement Fund were $890,000, then Settlement Class Member "A" would be entitled to approximately $534 ($890,000 x ($600 ÷ $1,000,000) = $534). By way of further example only, if pursuant to Step #1 above Settlement Class Member "A" were credited with the approximate amount of $600, and if the total amount credited to all Settlement Class Members pursuant to those steps were $800,000, and if the Net Settlement Fund were $890,000, then Settlement Class Member "A" would be entitled to approximately $667.50 ($890,000 x ($600 ÷ $800,000) = $667.50).

     c.     In determining a Settlement Class Member's entitlement to distribution, the Settlement Administrator will initially rely on Farmland's records relating to the participating Settlement Class Member's employment and Farmland's calculations regarding what each Settlement Class Member is due. Farmland shall provide the Settlement Administrator and Class Counsel: (i) the name, social security number, employee number, and last known address of all Settlement Class Members; (ii) the hiring and termination dates for each Settlement Class Member; (iii) the number of days each Settlement Class Member worked during the periods described in subparagraphs 7.a., above; and (iv) the total amount due to each Settlement Class Member.

     (i.)     If a Settlement Class Member wishes to challenge the hiring and/or termination dates, as stated in the Class Notice, the Settlement Class Member must send a letter to the Settlement Administrator, together with documentary evidence of an actual hiring or termination date, received by the Settlement Administrator no later than thirty (30) days after mailing of the Class Notice to Formerly-Employed Production Settlement Class Members, or for Employed Settlement Class Members no later than thirty (30) days after distribution of the Class Notice. With respect to the date of receipt for purposes of this subparagraph, the Settlement

- 13 -

FFG003693

Administrator's records shall be deemed dispositive. If a Settlement Class Member does not challenge the hiring and/or termination dates stated in the Class Notice, it will be presumed that Farmland's dates are correct.

        (ii.)    Counsel for the parties shall jointly resolve all challenges made by Settlement Class Members to the stated hiring and/or termination dates. In the event that counsel for the parties cannot jointly resolve challenges within three (3) days of notice of the challenge, the parties shall submit the challenge, along with all documentary evidence, to the Settlement Administrator, who will render the final decision on the challenge.

        d.    The Settlement Administrator shall handle mailing of Class Notice and mailing of checks to Formerly-Employed Production Settlement Class Members and those Employed Settlement Class Members identified by Farmland as no longer employed as of the date of check distribution to Employed Settlement Class Members. Farmland will distribute Class Notices and checks to the remaining Employed Settlement Class Members along with distribution of regular Farmland paychecks. The Settlement Administrator will track opt-out and objectors for all Settlement Class Members.

        e.    In order to receive a distribution from the Net Settlement Fund, Employed Settlement Class Members who are employed by Farmland on the date when distributions are made to Employed Settlement Class Members will receive an additional check with their paychecks, assuming they have not excluded themselves from the settlement. Such checks will be in the amount to which each is entitled, less payroll taxes ordinarily borne by workers. Within ten (10) days of distributing checks to Employed Settlement Class Members, Farmland will advise the Settlement Administrator if any Employed Settlement Class Member's check

- 14 -

FFG003694

could not be distributed by Farmland, and such Employed Settlement Class Members' checks will be distributed by the Settlement Administrator.

      f.    The Settlement Administrator shall update the addresses of all Formerly-Employed Production Settlement Class Members and those Employed Settlement Class Members identified by Farmland as no longer employed as of the date of check distribution to Employed Settlement Class Members through the Lexis Nexis Credit Bureau Scrub.  In order to receive a distribution from the Net Settlement Fund, Formerly-Employed Production Settlement Class Members and those Employed Settlement Class Members identified by Farmland as no longer employed as of the date of check distribution to Employed Settlement Class Members must have successfully received the Class Notice, as evidenced by the Class Notice not being returned by the United States Postal Service as Undeliverable Mail, and must not have excluded themselves from the Settlement.  If the United States Postal Service returns any mail with a forwarding address, the Settlement Administrator will mail the Class Notice to the forwarding address within three (3) business days of return by the United States Postal Service and shall use any such forwarding address for future communications with Settlement Class Members.  Any Formerly-Employed Production Settlement Class Member and those Employed Settlement Class Members identified by Farmland as no longer employed as of the date of check distribution to Employed Settlement Class Members whose Class Notice is not returned as Undeliverable Mail shall be considered a Claimant and shall receive a distribution by means of the Settlement Administrator distributing a check via the United States Postal Service to the same address to which the Class Notice was successfully sent.  Checks shall be mailed by the Settlement Administrator to the address to which the Class Notice was successfully sent.  Such checks will be in the amount to which each is entitled, less payroll taxes ordinarily born by workers.

FFG003695

g.    Each check mailed or delivered to Claimants shall bear the following statement: "By endorsing this instrument, Plaintiff hereby consents to the settlement agreement and forever discharges Farmland from all claims brought or which could have been brought by Gregory Churchill, Robert Deloach, Jonathan Richard, Sandra Crews, Jason Smith, Kim Linneman, Connie Hedges, Elizabeth Bavery, Charles Rowsey, Katie Babcock, Andrew Wren, Charles Furman, Yvonne Hammond, Tracy Cassiday, Christopher Cassiday, Kelly Mize, Kathy Hillier, Conchetta Butler, Danielle Florence, Stacey Burgess, Michelle Darmer, Kevin Winking, Melissa Miller, Luana Johnson, and Robert McIntyre, on behalf of themselves and all other similarly situated individuals v. Farmland Foods, Inc., a Delaware Corporation, a wholly owned subsidiary of Smithfield Foods, Inc. from October 29, 2003 to February 8, 2007, including but not limited to claims filed under state or federal statutory or common law for unpaid wages, including but not limited to the Fair Labor Standards Act, 29 U.S.C. § 216(b)." The endorsement will be printed or stamped on the back of the check in both English and Spanish.

h.    If any checks remain uncashed more than sixty (60) days after mailing, including any checks returned as undeliverable, then such checks shall become void and the remaining funds shall be distributed pursuant to paragraph 5, supra.

8.    As compensation for the time and cooperation of Gregory Churchill, Robert Deloach, Jonathan Richard, Sandra Crews, Jason Smith, Kim Linneman, Connie Hedges, Elizabeth Bavery, Charles Rowsey, Katie Babcock, Andrew Wren, Charles Furman, Yvonne Hammond, Tracy Cassiday, Christopher Cassiday, Kelly Mize, Kathy Hillier, Conchetta Butler, Danielle Florence, Stacey Burgess, Michelle Darmer, Kevin Winking, Melissa Miller, Luana Johnson, and Robert McIntyre ("Named Plaintiffs") in assisting Plaintiffs' counsel with their representation of the Class, each Named Plaintiff will receive $350 from the 1/3 portion of the

- 16 -

FFG003696

Settlement Fund that is being reserved for payment of the Attorneys' Fees and Costs Award.  See

Paragraph 16, infra.  The $350 fee will also be paid to Leslie Moore, Matt Cole, and Bradley

Dennis, who would have been named as additional class representatives in an Amended

Complaint which was not filed due to successful settlement negotiations.

9.       In order to exclude themselves from the Settlement, Settlement Class Members

must mail to the Settlement Administrator a letter received by the Clerk of Court, United States

District Court for the Central District of Illinois, Rock Island Division, 40 U.S. Courthouse, 211

19th Street, Rock Island IL 61201, no later than seventy-five (75) days after the Preliminary

Approval Date, or no later than the date set by the court as the deadline for exclusion, stating that

he/she wishes to be excluded from the Settlement, and containing his/her name, address and

social security number.  In order to be effective, this letter must actually be received by the Clerk

of Court, United States District Court for the Central District of Illinois, Rock Island Division, 40

U.S. Courthouse, 211 19th Street, Rock Island IL 61201 no later than seventy-five (75) days

after the Preliminary Approval Date, or no later than the date set by the court as the deadline for

exclusion. With respect to the date of receipt for purposes of this subparagraph, the Clerk's

records shall be deemed dispositive.

10.      Settlement Class Members may also appear at the Final Approval hearing to

object to the Settlement.  A Settlement Class Member may only appear at the Final Approval

hearing to object to the Settlement if the Settlement Class Member submits a letter to the Clerk

of Court, United States District Court for the Central District of Illinois, Rock Island Division, 40

U.S. Courthouse, 211 19th Street, Rock Island IL 61201 stating the Settlement Class Member's

intention to object and containing his/her name, address and social security number.  In order to

be effective, this letter must be received by the Clerk of Court, United States District Court for

- 17 -

FFG003697

the Central District of Illinois, Rock Island Division, 40 U.S. Courthouse, 211 19th Street, Rock

Island IL 61201 no later than seventy-five (75) days after the Preliminary Approval Date, or no

later than the date set by the court as the deadline for objectors. With respect to the date of

receipt for purposes of this subparagraph, the Clerk's records shall be deemed dispositive.

11.     Each Claimant shall indemnify Farmland, Plaintiffs, Class Counsel and the

Settlement Administrator for any tax liability, including penalties and interest, arising out of any

determinations that Farmland, Plaintiffs, Class Counsel, or the Settlement Administrator failed to

properly withhold tax amounts from any payment received by that Claimant.

12.     Farmland, Plaintiffs, Class Counsel and the Settlement Administrator shall not be

liable for any checks misdelivered or not delivered by the United States Post Office or Farmland.

Farmland, Plaintiffs, Class Counsel and the Settlement Administrator shall not be liable for

checks cashed by persons other than Settlement Class Members. All Settlement Class Members

shall be deemed to have released Farmland even if they do not receive a check or if their check is

cashed by a person other than a Settlement Class Member.

13.     Farmland shall make payment to Employed Settlement Class Members, except

those identified by Farmland to the Settlement Administrator pursuant to paragraphs 7(d) and

7(f), supra, by distribution with regular paychecks, to the extent reasonably feasible. The

Settlement Administrator will mail payments to Formerly-Employed Production Settlement

Class Members and those Employed Settlement Class Members identified by Farmland as no

longer employed as of the date of check distribution to Employed Settlement Class Members.

The settlement payments by Farmland to Claimants who are currently Employed Settlement

Class Members will be made within a reasonable time after the Effective Date, but no later than

- 18 -

FFG003698

forty-five (45) days after the Effective Date, and will be in the approximate amount indicated for

each Settlement Class Member on the Class Notice, as affected by the provisions of Paragraph

7(a). Farmland shall provide written notification of the payments it has made and remit the

remainder of the Net Settlement Fund to the Settlement Administrator within fifteen (15) days

after Farmland makes settlement payments to Employed Settlement Class Members. The

Settlement Administrator shall then make payments to Claimants who are Formerly-Employed

Production Settlement Class Members and those Employed Settlement Class Members identified

by Farmland as no longer employed as of the date of check distribution to Employed Settlement

Class Members within ten (10) days after receiving this notice from Farmland.

14.     All Class Notice forms will provide that Settlement Class Members who do not

timely exclude themselves from the Settlement Class shall be deemed to have released Farmland

as described in paragraph 20 below. All Settlement Class Members will be deemed to have

released Farmland even if their Class Notice form and/or check is returned undeliverable.

15.     Upon execution of this Settlement Agreement, the Plaintiff, Class Counsel, and

Defendants will jointly file a Stipulation of Facts with the Court in the form attached hereto as

Exhibit D. The parties agree that the Stipulation of Facts shall only be applicable to the Farmland

plant involved in this litigation, and no party shall seek to use any statements in the Stipulation of

Facts as evidence or admissions against any plants involved in other litigations. The Stipulation of

Facts states that the Plaintiffs and Defendant agree that the current compensation practices at

Farmland are in compliance with all local, state and federal laws, and the amount of

compensation to employees for donning, doffing and related activities is adequate and fully

compensates employees for all of these activities. Plaintiff, Class Counsel, and Defendants are

satisfied and have agreed that the evidence in this case supports the filing of the Stipulation of

FFG003699

Facts.  Plaintiff, Class Counsel, and Defendants further agree that if the Settlement Agreement is not finally approved by the Court for whatever reason, then the Stipulation of Facts shall be null and void, and Class Counsel and Defendants will promptly submit a consent order stipulating that the Stipulation of Facts be vacated and withdrawn.

16.     Class Counsel shall apply to the Court for an award of attorneys' fees and costs to be paid from the Settlement Fund in the amount of 33% of the Settlement Fund, an amount which includes reimbursement of one-half (1/2) of the Settlement Costs and payments to the Named Class Members.  Farmland has agreed not to oppose Class Counsel's fee application in said amount.  The Settlement is not contingent upon Court approval of the amount sought in Class Counsel's fee application.  Any disputes between and among Class Counsel as to the allocation of the above-described attorneys' fees, expenses and costs shall be the sole responsibility of Class Counsel to resolve.  In no event shall Farmland have any liability for the allocation of Court-approved attorneys' fees, expenses and costs.  Settlement shall not be in any way delayed by the resolution or non-resolution of any disputes between and among Plaintiffs' Counsel (including Class Counsel) regarding the same.  One-half (1/2) of the Attorneys' Fees and Costs Award approved by the Court shall be paid by the Settlement Administrator from the Settlement Fund within ten (10) days of the Effective Date to Kenney, Egan, McCafferty and Young for distribution among all Class Counsel, less one-half (1/2) of the Settlement Costs.  The remainder of the Attorneys' Fees and Costs Award shall be paid by the Settlement Administrator from the Settlement Fund within seventy-five (75) days of the Effective Date to Kenney, Egan, McCafferty & Young for distribution among all Class Counsel.

17.     Within thirty (30) days after the Preliminary Approval Date, Farmland will: (i) attempt to distribute to all Employed Settlement Class Members who report to work during

- 20 -

said period, a notice form substantially in the form attached as Exhibit B, subject to any changes made by the Court; and (ii) provide the Settlement Administrator with the last known addresses of all Formerly-Employed Production Settlement Class Members. The Settlement Administrator shall update the addresses of all Formerly-Employed Production Settlement Class Members through the Lexis Nexis Credit Bureau Scrub. Within thirty-five (35) days after the Preliminary Approval Date, Farmland shall notify the Settlement Administrator of the identity and last known address of Employed Settlement Class Members to whom it did not distribute said notice. Within forty-five (45) days after the Preliminary Approval Date, the Settlement Administrator shall mail to all Formerly-Employed Production Settlement Class Members, and those Employed Settlement Class Members identified by Farmland, the Class Notice, substantially in the form attached as Exhibit B and subject to any changes made by the Court. Class Notice forms mailed by the Settlement Administrator shall be mailed to Settlement Class Members at their last known address as reflected in Farmland's company records, as updated by the Settlement Administrator's use of the Lexis Nexis Credit Bureau Scrub. If the United States Postal Service returns any mail with a forwarding address, the Settlement Administrator will mail the Class Notice to the forwarding address within three (3) business days of return by the United States Postal Service and shall use any such forwarding address for future communications with Settlement Class Members.

18.     Not later than ninety (90) days after the Preliminary Approval Date (and not less than ten (10) days prior to the final settlement approval hearing), the Settlement Administrator shall prepare and serve upon Class Counsel and Farmland's Counsel: (a) a list of all persons who objected to the settlement; (b) a list of all persons who have timely excluded themselves from the Settlement Class, which Class Counsel shall promptly file with the Court; (c) copies of all of the

FFG003701

letters and envelopes the Clerk of Court received from such persons excluding themselves from the Settlement Class or objecting to the Settlement; and (d) Farmland's calculation of the amount due each Claimant and of the individual and aggregate value of the claims of Settlement Class Members who have excluded themselves from participation in the Settlement pursuant to paragraph 9. The Settlement Administrator may assume for purposes of making the calculations described in this paragraph that the Court will approve Class Counsel's petition for attorneys' fees and costs in the maximum amounts sought by Class Counsel, as described in paragraph 16 herein.

19.     For purposes of this Agreement, "Judgment" means the order and judgment of the Court which, as set forth in Exhibit C, among other things, grants final approval of the settlement, approves distribution of the Settlement Fund, dismisses the Lawsuit with prejudice, and determines the amount of attorneys' fees and costs to be paid to Class Counsel. As used herein, the term "Effective Date" means the date that the Judgment becomes final ("Final Judgment"), which shall be deemed to be the last to occur of the following: (a) if an appeal or review is not sought from the Judgment, the day after the expiration of the time for appeal of the Judgment; or (b) if an appeal is sought from the Judgment, the day after (i) the Judgment is affirmed without modification or the appeal is dismissed or denied, without alteration of the Judgment in any respect unsatisfactory to Farmland, and (ii) the Judgment is no longer subject to judicial review.

20.     For the consideration stated herein, the receipt, adequacy and sufficiency of which are hereby acknowledged, Plaintiffs agree that the Lawsuit shall be dismissed with prejudice, and Plaintiffs and all Settlement Class Members who do not timely exclude themselves from the Settlement Class, including any other person acting on their behalf or for their benefit, and

- 22 -

FFG003702

including all Settlement Class Members whose mail is returned as Undeliverable Mail for any reason and for whom the United States Postal Service does not provide forwarding address information or whose address cannot be updated with the Lexis Nexis Credit Bureau Scrub (collectively "Releasors") hereby releases, covenants not to sue, remises and forever discharges Defendant, as well as its predecessors and successors in interest and present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, and assigns (including, without limitation, any investors, trusts, or other similar entities) (collectively, "Releasees") from any causes of action, claims, debts, contracts, agreements, obligations, liabilities, suits, claims, damages, losses, or demands whatsoever ("Claims"), in law or in equity, known or unknown at this time, suspected or unsuspected, which Plaintiff and the Class now have or ever had, or may in the future have, against the Releasees, under any legal theory, including, but not limited to, all claims under local, state or federal law, including claims for violation of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b), the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act or other acts, omissions or claims, and for any general, special, consequential and punitive damages specifically related to such claims, as well as any claims for disgorgement, restitution, injunctive relief, penalties, attorneys' fees and/or costs of suit in connection with such claims, whether or not alleged, arising out of the allegations in or subject matter of the Complaint from October 29, 2003 to the date of this Settlement Agreement. This release is conditioned upon the final approval of this Settlement Agreement by the Court and upon Plaintiffs, Class Counsel, and Defendant meeting its obligations herein.

- 23 -

FFG003703

21.     Farmland shall have the right, but not the obligation, to be exercised in its sole discretion, to void this Agreement if Settlement Class Members exclude themselves in a number or an amount set forth in separate letter agreement the ("Letter Agreement") to be filed with the Court. The parties intend to ask the Court to allow them to file this separate Letter Agreement under seal.

22.     Plaintiffs, Class Counsel, Farmland, and Farmland's Counsel agree not to encourage, assist, or solicit persons to exclude themselves from the Settlement Class or object to the Settlement.

23.     Unless otherwise agreed by all parties, this Settlement Agreement and the Settlement shall be null and void if a Final Judgment is not entered. However, a reduction by the Court or by an appellate court of the attorneys' fees and expenses shall not render this Settlement Agreement null and void.

24.     It is expressly agreed and understood that this Settlement Agreement does not constitute an admission by any party and may not be offered, introduced, or admitted as evidence of liability or appended to any pleadings, motions, or briefs, except in an action brought to enforce the terms of this Settlement Agreement or as a defense to any cause of action, claim, or allegation, including but not limited to, a cause of action or claim barred or released by the terms hereof.

25.     This Settlement Agreement shall be binding upon and inure to the benefit of the Plaintiffs, the Settlement Class Members, the Released Parties, and their heirs, administrators, successors and assigns.

- 24 -

26.     In the event a Final Judgment is not entered, then: (a) this Settlement Agreement shall be of no force or effect; (b) this Settlement Agreement, including its exhibits, and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission of any kind or evidence: (i) of any violation of any statute, law or regulation, (ii) of any liability or wrongdoing by any of the Releasees, (iii) of the truth of any of the claims or allegations made in the Lawsuit; (iv) concerning liability on any of the Claims released in paragraph 20 of this Settlement Agreement or raised in the Lawsuit; (v) concerning the value of any claims by Plaintiffs or the Settlement Class Members; or (vi) concerning the propriety of certification of any Class. Farmland expressly reserves all of its rights if the Settlement does not become final in accordance with the terms of this Settlement Agreement, including the right to contest class certification in the Lawsuit. Any references in this Settlement Agreement to the alleged business practices of Farmland shall raise no inference respecting the propriety or impropriety of those business practices or any other business practices of Farmland.

27.     In the event that Final Judgment is not entered, Farmland shall not be obligated to make any payments, including any payments to participating Settlement Class Members or Class Counsel and shall retain the full amount of the Settlement Fund, except for amounts spent not to exceed one-half (1/2) of Settlement Costs, which shall not be recoverable by Farmland irrespective of whether Final Judgment is entered.

28.     This Settlement Agreement and the Letter Agreement described in paragraph 21 (collectively, the "Agreements") are intended by the parties as a final expression of their agreement and as a complete and exclusive statement of the terms thereof, all negotiations, considerations and representations between parties having been incorporated and merged herein, and may not be contradicted by evidence of any prior or contemporaneous agreement,

- 25 -

FFG003705

arrangement, understanding, representation or negotiation (whether oral or written) in any proceeding involving or concerning the Agreements. No course of prior dealings between the parties or their agents shall be relevant or admissible to determine the meaning of any of the terms of the Agreements. No representations, undertakings or agreements have been relied upon in the making of the Agreements other than those specifically set forth therein. No agreements between the parties hereto exist other than the Agreements. The Agreements can only be modified in writing executed by all parties hereto.

29.   All of the parties hereto shall be considered to be the drafters of this Agreement, and it shall not be interpreted or construed more favorably for any party.

30.   The parties hereto and each Settlement Class Member hereby irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to this Agreement or the applicability of this Agreement and accompanying exhibits. Without limiting the generality of the foregoing, it is hereby agreed that any dispute concerning the provisions of the release as set forth in paragraph 20 above, including, but not limited to, any suit, action or proceeding by a Settlement Class Member in which the provisions of the release and covenant not to sue are asserted by Farmland as a defense, constitutes a suit, action or proceeding arising out of or relating to this Settlement Agreement and the accompanying exhibits.

31.   The parties and counsel for the parties warrant and represent that counsel for the parties are duly authorized by their clients to execute this Agreement on their clients' behalf.

FFG003706

32.   Class Counsel, the Settlement Administrator, and Defendant may only destroy documents associated with Class Notice and with administration of the Settlement one (1) year after the Effective Date.

**IN WITNESS WHEREOF**, the undersigned have executed this Settlement Agreement as of _Ma, 25_, 2007.


_Brian P. McCafferty_ (signature)
Brian P. McCafferty, Esq.
Kenney Lennon & Egan
3031C Walton Road, Suite 202
Plymouth Meeting, PA  19462
610.940.9099
610.940.0284 (fax)


Michael Hamilton, Esq.
Provost Umphrey Law Firm, LLP
2002 Richard Jones Rd.
Suite C-103
Nashville, Tennessee 37215
615.242.0199


Jairus M. Gilden, Esq.
2711 Eastwood Ave.
Evanston, IL 60201
847.328.8542


Attorneys for Plaintiffs


_Blair B. Hanzlik_ (signature)
Blair B. Hanzlik, Esq.
McGuireWoods LLP
77 W. Wacker Dr., Suite 4100
Chicago, IL  60601
312.849.8100
312.849.3690 (fax)


Alan K. Cotler, Esq.
Shannon Elise McClure, Esq.
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103
215.851.8100


215.851.1420 (fax)


Attorneys for Defendant Farmland Foods, Inc.


- 27 -

FFG003707